■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RILEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered April 11, 1988, convicting him of burglary in the first degree, and assault in the third degree, upon a jury

verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

On the night of June 6, 1987, the defendant forced his way into his 80-year-old landlord's apartment. After demanding money from the elderly man, the 26-year-old defendant struck him several times with a small baseball bat or wooden stick. When the victim attempted to reach the telephone to call for assistance, the defendant grabbed the phone, tore it apart, and hit the victim in the head with the telephone receiver. He then removed cash from the victim's pocket, and dragged him through the apartment in a chokehold in an effort to find more money. The defendant was apprehended a few minutes later when police, summoned by the victim's roommate who had witnessed part of the attack, arrived at the scene. The officers noted that the victim's face was covered with blood, that one of his eyes was swollen shut, and that he appeared to be in an extremely weakened condition.

On appeal the defendant contends that the People failed to establish his guilt of burglary in the first degree because the victim and his roommate offered inconsistent testimony concerning the wooden stick or bat which he allegedly used during the commission of the crime. We disagree. Initially, we note that since the defendant was convicted of burglary in the first degree under Penal Law § 140.30 (2), which requires proof that a person who was not a participant in the crime sustain "physical injury", the issue of whether the defendant used a dangerous instrument during the commission of the crime is irrelevant. In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, as we have repeatedly held, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions,

and find that they are unpreserved for appellate review *(see,* CPL 470.05 [2])) or without merit. Thompson, J. P., Bracken, Eiber and Rosenblatt, JJ., concur.